## Married Women's Registration

PACKEL, Attorney General, October 25, 1973.— You have asked, and Ms. Arlene Lotman, Executive Director, Commission on the Status of Women, has brought to our attention, the question whether a woman, on marriage, must change her voter registration so as to reflect her husband's surname, or "married name," or whether she has the option to use her birth name, or so-called "maiden name." We have also been asked whether a woman who currently is registered under her married name can have her registration changed to her birth name.

It is our opinion, and you are so advised, that a married woman may register to vote under her birth name, revert to her birth name from her married name on her registration, or retain her married name on her registration as she chooses, as long as she consistently utilizes that name for purposes of identification.

We recently dealt with this same question with regard to what constitutes a woman's "actual name"

for purposes of obtaining an operator's license and vehicle registration with the Bureau of Motor Vehicles. In Official Opinion No. 62, dated August 20, 1973, we advised the Secretary of Transportation that a woman is not legally barred from continuing to use her birth name after marriage, and consequently she may continue to use that name on her operator's license or vehicle registration, or revert to that name, provided that in fact she uses that name as her actual name.

That opinion cited with approval a recent decision of the Maryland Court of Appeals in Stuart v. Board of Supervisors, 266 Md. 440, 295 A. 2d 223 (1972). In Stuart, the majority opinion by Chief Judge Murphy held that the mere fact of a marriage ceremony does not by operation of law automatically transfer the husband's surname to his bride. Accordingly, the court recognized the right of a married woman to register to vote under her birth name, provided that she had consistently, nonfraudulently and exclusively used that name after marriage.

This proposition has received support in Pennsylvania case law. In Second Legislative District Election Contest (No. 2), 4 D. & C. 2d 93 (1955), the ballot of a woman was challenged on the grounds that, although she had duly registered under her birth name, subsequent to her marriage she continued to vote without changing her registration. The court could find no statutory prohibition against a married woman voting under her "maiden name," found no question as to the registrant's identity, and consequently upheld the validity of her ballot.

Pennsylvania election laws require that every applicant for registration give his or her surname and Christian name or names: Act of March 30, 1937, P. L. 115, sec. 20(c), as amended, 25 PS §623-20(c); Act of April 29, 1937, P. L. 487, sec. 18(c), as amended, 25

PS §951-18(c). The reasoning of Opinion No. 62, which we hereby fully incorporate by reference, compels the conclusion that, like one's "actual name," a woman's "surname" is the name by which she consistently elects to be identified.

Historically, persons were legally identified only by their given or Christian names, and "because of the relationship between Church and State, it was held that 'a man cannot have two names of baptism *as he may have divers surnames*': 2 Coke's First Institute, p. 178 (Thomas' Ed. 1836)"; Bitle's Petition, 54 D. & C. 329, 332 (1945). (Italics supplied.) Such surnames might reflect the name of the father, place of birth, town of origin, or occupation of the person. In more recent times, one's surname has been defined as "the patronymic derived from the common name of [one's] parents," Riley v. Litchfield, 168 Iowa 187, 150 N.W. 81 (1914), and even more broadly as "the last name; the name common to all members of a family": Black's Law Dictionary (Revised Fourth Edition, 1968); In re Faith's Application, 22 N.J. Misc. 412, 39 A. 2d 638 (1944).

Given the definitions above, a narrow construction of "surname" might limit its application to the name with which one is born. Were this the case, the ironic effect of such a construction would be to invalidate the registrations of most married women, who have registered in the last name of their spouses and adopted that name for all purposes of identification. Modern custom and usage, however, have broadened the meaning of "surname" to include not only one's married name, but any last name consistently employed as one's surname.*

---

. * Although in Faith's Application, supra, a New Jersey Court relied upon the definitions of surname discussed above, it rejected the voting registration of one "Love Faith" because that assumed

An applicant for registration must give his or her name for the same reason that he or she must provide information as to height, color of hair and eyes, and date of birth: that is the means by which an identity is established, so that the applicant may be assured of the right to exercise the franchise, while the State may guard against any fraudulent exercise of that right. As with these other personal characteristics, a person's name is bound up with his or her identity, and is a "mark or indicium by which he [or she] is distinguished from other individuals": Riley v. Litchfield, 168 Iowa at 191, 150 N.W. at 83. In the same way that these other characteristics, being so intimately bound up with one's very existence, are presumed to be consistently applicable to a given individual, so we conclude that a person ought to be identified for certain legal purposes by the name he or she consistently uses and by which he or she is known.

The definitions ascribed to the phrase "actual

---

name did not indicate the applicant's "true name," required by a New Jersey statute "whose major purpose is to determine the past, as well as the present identity, of the individual": 22 N. J. Misc. at 415, 39 A. 2d at 640. The court held that although there was no allegation that the name "Love Faith" had been adopted for a fraudulent purpose, without the addition of the applicant's "true name," the registration authorities would be unable to determine the absence of a fraudulent purpose, such as the desire to hide criminal convictions.

This case is not controlling, since the requirement of Pennsylvania election laws are less stringent: an applicant need only register in his "surname," and a prior criminal conviction does not disqualify from registration an otherwise qualified applicant. Since we view the purpose of Pennsylvania registration requirements to be the determination of an applicant's present identity, we are satisfied that the standards set forth in this opinion promote the achievement of this purpose and adequately guard against registration under a fraudulent name.

name" in Opinion No. 62 are equally applicable in this instance, so that "surname" as used in the election laws shall mean (1) the last name assigned at birth; (2) in the case of a married woman, the last name of her husband, if she so elects; (3) the last name appearing in a court order in the case of a person whose name has been changed, pursuant to statute, by judicial action; and (4) in the case of an individual who uses a last name other than that which would be determined by one of the above methods, the last name by which such person is and has been known as demonstrated by reasonable evidence. While not intended to be exclusive, such evidence may include tax, social security, selective service and motor vehicle registration records.